UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| AMY NEWMAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) Nos. | 1:07-CR-25-HSM-SKL-2 |
| | ) | 1:16-CV-189-HSM |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION**

Before the Court is Petitioner's pro se motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255 [Doc. 237]. On February 11, 2016, this Court appointed Federal Defender Services of Eastern Tennessee (FDSET) for the limited purpose of determining whether Petitioner is entitled to relief under *Johnson v. United States*, 135 S. Ct. 2551 (2015)—which held that the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), was unconstitutionally vague. E.D. Tenn. S.O. 16-2 (Feb. 11, 2016). After FDSET notified the Court of a conflict of interest, it appointed substitute CJA counsel [Docs. 238, 239]. Consistent with that appointment, counsel filed a supplement in support of *Johnson*-based relief [Doc. 240]. The United States responded in opposition on August 3, 2016 [Doc. 246], and Petitioner replied on August 10, 2016 [Doc. 247]. Petitioner field a second supplemented containing "new authority" on August 25, 2016 [Doc. 248]. Recently, the United States filed a motion to deny and dismiss the petition based on an intervening decision of the Supreme Court [Doc. 254]. Petitioner, through counsel, responded acknowledging that the intervening decision forecloses one claim, but requesting that the Court still consider the other [Doc. 259]. For the reasons below, the United

States' motion to deny and dismiss [Doc. 254] will be **GRANTED** and Petitioner's supplemental § 2255 motion [Docs. 237, 240, 248] will be **DENIED** and **DISMISSED WITH PREJUDICE**.

I. BACKGROUND

In 2007, Petitioner pled guilty to conspiring to distribute at least five grams of cocaine base, in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(B), and possessing a firearm in furtherance of that drug-trafficking crime, in violation of § 924(c) [Doc. 35]. In her plea agreement, Petitioner "knowingly and voluntarily waive[d] the right to file any motions or pleadings pursuant to 28 U.S.C. § 2255," with the sole exception of § 2255 motions raising "claims of ineffective assistance of counsel or prosecutorial misconduct" [*Id.* ¶ 13(b)].

Petitioner faced a statutory penalty range of five to forty years' imprisonment for the drug offense and a mandatory consecutive term of five years up to life imprisonment for the § 924(c) offense [Presentence Investigation Report (PSR) ¶ 61]. Based on a prior Georgia burglary-of-a-dwelling conviction [*Id.* ¶ 32], and a prior Tennessee robbery conviction [*Id.* ¶ 40], the United States Probation Office deemed Petitioner to be a career offender under Section 4B1.1 of the United States Sentencing Guidelines with an advisory Guideline range of 262 to 327 months' imprisonment [*Id.* ¶ 62]. The Court granted a motion for a downward departure pursuant to Section 5K1.1 and sentenced Petitioner to 151 months' imprisonment on July 18, 2008 [Doc. 114].

Eight years later—on June 6, 2016, Petitioner filed a pro se petition for collateral relief containing two grounds: ineffective assistance of counsel; and entitlement to relief based on the *Johnson* decision [Doc. 237]. CJA counsel filed two supplements in support of Petitioner's request for *Johnson*-based relief [Docs. 240, 248]. The United States opposes the requested relief.

On March 6, 2017, the Supreme Court issued *Beckles v. United States*, which held that the United States Sentencing Guidelines are "not amenable to vagueness challenges." 137 S.Ct. 886,

894 (2017). Two weeks later, this Court entered an Order (1) explaining that *Beckles* necessarily meant that "*Johnson* . . . does not undermine sentences based on Guideline enhancements;" (2) instructing the parties to "file any motion that they want[ed] the Court to consider in conjunction with, or prior to, ruling on [the instant] petition[] on or before April 1, 2017;" and (3) requiring that responsive pleadings be filed on or before April 15, 2017 [Doc. 95]. On April 1, 2017, the United States filed a motion to dismiss Petitioner's *Johnson*-based challenge to his career offender designation in light of *Beckles* [Doc. 252]. Petitioner, though counsel, acknowledged that *Beckles* forecloses *Johnson*-based relief from Section 4B1.1, but requested that the Court nonetheless consider her contemporaneously-filed ineffective assistance claim [Doc. 254].

## II. TIMELINESS OF PETITION AND AMENDMENT

Section 2255(f) places a one-year statute of limitations on all petitions for collateral relief under § 2255 running from either: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f). Petitioner has failed to demonstrate that subsections (f)(2) or (f)(4) apply to her case. i.e., she has not established that any illegal action by the government prevented her from making the timely petition or the existence of facts affecting her case that could not have previously been discovered through the exercise of due diligence. As such, timeliness of

the supplemented petition depends on whether or not Petitioner submitted the documents in compliance with subsections (f)(1) and (f)(3).

### A. Timeliness of Supplemented Petition Under Subsections (f)(1) and (f)(3)

For purposes of the subsection (f)(1)—where the statutory period expires one year from the date on which the judgment of conviction becomes final—a "conviction becomes final at the conclusion of direct review." *Brown v. United States*, 20 F. App'x 373, 374 (6th Cir. 2001) (quoting *Johnson v. United States*, 246 F.3d 655, 657 (6th Cir. 2001)). Using the same reasoning, the Sixth Circuit has made clear that "when a federal criminal defendant does not appeal to the court of appeals, [direct review concludes] upon expiration of the period in which the defendant could have appealed to [such court], even when no notice of appeal was filed." *Johnson v. United States*, 457 F. App'x 462, 465 (6th Cir. 2012) (quoting *Sanchez-Castellano v. United States*, 358 F.3d 424, 427 (6th Cir. 2004)). Petitioner's conviction became final on August 1, 2008, fourteen days after the Court entered judgment on July 18, 2008. *See* Fed. R. App. Proc. 4(b)(1)(A)(i) ("In a criminal case, a defendant's notice of appeal must be filed in the district court within [fourteen] days after . . . the entry of . . . judgment."). The window for requesting relief under that subsection expired on August 1, 2009, nearly seven years before Petitioner submitted the petition.

To the extent Petitioner attempts to rely on subsection (f)(3)'s independent one-year filing period for newly-recognized rights made retroactively applicable on collateral review as justification for submitting the supplement after August 1, 2009, only the claim for collateral relief based on the *Johnson* decision even arguably satisfies the conditions required to trigger that provision. *See* 28 U.S.C. § 2255(f)(3) (requiring reliance on a newly recognized and retroactively applicable right); *see also Welch v. United States*, 136 S. Ct. 1257, 1265 (2016) ("*Johnson* is . . . a substantive decision and so has retroactive effect . . . in cases on collateral review."); *In re Windy*

*Watkins*, 810 F.3d 375, 380–81 (6th Cir. 2015) (finding *Johnson* constitutes a new substantive rule of constitutional law made retroactively applicable on collateral review and thus triggers § 2255(h)(2)'s requirement for certification of a second or successive petition). By contrast, Petitioner's claim of ineffective assistance of counsel does not assert a newly recognized right and thus cannot rely on the one-year filing window under subsection (f)(3). Timeliness of the ineffective assistance claim depends on whether or not subsection (f)(1) was tolled.

B.     **Equitable Tolling of Subsection (f)(1)**

Section 2255(f)'s statute of limitations is not jurisdictional and may be tolled under limited, extraordinary circumstances. *Dunlap v. United States*, 250 F.3d 101, 1007 (6lth Cir. 2001). Used sparingly, a petitioner bears the burden of establishing that equitable tolling applies to her case, *see Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003); *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004), and must show "(1) that [s]he has been pursuing [her] rights diligently, and (2) that some extraordinary circumstance stood in [her] way and prevented timely filing," *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010); *Hail v. Warden*, 662 F.3d 745, 750 (6th Cir. 2011); *see also Jurado*, 337 F.3d at 643 ("Absent compelling equitable considerations, a court should not extend limitations by even a single day.").

Review of the original filing, supplements, and reply to the United States' response, fail to reveal a single extraordinary circumstance justifying Petitioner's failure submit the ineffective assistance claim within the one-year window permitted by subsection (f)(1). *Compare Stovall v. United States*, No. 1:12-cv-377, 2013 WL 392467, at *3 (E.D.T.N. Jan. 31, 2013) (rejecting request for equitable tolling of subsection (f)(1) in absence of evidence illustrating a diligent pursuit of the rights asserted); *with Jones v. United States*, 689 F.3d 621, 627 (6th Cir. 2012) (granting request for equitable tolling where the petitioner pled facts indicating he had been

separated from his legal materials for an extended period of time due to multiple detention transfers and an illness). Because the ineffective assistance claim is untimely, it will be dismissed.

### III. MOTION TO DISMISS WITH PREJUDICE

In addition to the petition, this Court is in possession of the United States' request to deny and dismiss Petitioner's collateral challenge to her career offender designation in light of *Beckles*. Petitioner filed a response acknowledging that *Beckles* forecloses *Johnson*-based relief from Section 4B1.1 [Doc. 259]. The Court interprets this response as a waiver of opposition to dismissal of that ground for relief. *See, e.g.*, *Notredan, LLC v. Old Republic Exch. Facilitator Co.*, 531 F. App'x 567, 569 (6th Cir. 2013) (explaining that failure to oppose a motion to dismiss operates as both a waiver of opposition to, and an independent basis for granting, the unopposed motion).

For the reasons discussed in detail below, that request [Doc. 254] will be **GRANTED**.

### IV. TIMELY COLLATERAL CHALLENGE

#### A. Standard of Review

To obtain relief under 28 U.S.C. § 2255, Petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). She "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

#### B. Analysis

The supplemented petition contains a single timely ground for collateral relief, arguing that *Johnson* removed Georgia burglary from Section 4B1.2's definition of "crime of violence" and that, without that conviction, Petitioner lacks sufficient predicate offenses for career offender enhancement [Docs. 237, 240, 248].[1] The United States opposes the requested relief for two reasons: Petitioner waived the right to collaterally challenge her sentence in her plea agreement; and, regardless, Petitioner's Georgia burglary-of-a-dwelling conviction remains a crime of violence under the Guideline residual clause in light of *Beckles* [Docs. 246, 254].

1. **Waiver**

It is well established that an informed and voluntary waiver of the right to collaterally attack a conviction and sentence is enforceable. *Watson v. United States*, 165 F.3d 486, 489 (6th Cir. 1999); *United States v. McGlivery*, 403 F.3d 361, 363 (6th Cir. 2005). The Sixth Circuit recently held that the same is true even where that waiver prevents a petitioner from challenging his or her base offense level or career offender enhancement based on *Johnson*. *See In re Garner*, No. 16-

---

[1] The ACCA mandates a fifteen-year sentence for any felon who unlawfully possesses a firearm after having sustained three prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). The statute defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves the use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B). It was this third clause—the residual clause—that the Supreme Court deemed unconstitutional in *Johnson*. 135 S. Ct. at 2563.

Section 4B1.1 enhances a defendant's offense level if he or she qualifies as a "career offender," i.e., adult defendant whose offense of conviction is a "crime of violence or controlled substance offense" and who has "at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S. Sentencing Manual § 4B1.1(a). "Crime of violence" under the Guidelines is defined in an almost identical manner as "violent felony" under the ACCA. *See* U.S. Sentencing Manual § 4B1.2(a) (adopting identical use-of-force and residual clauses as well as a nearly identical enumerated-offense clause).

1655, 2016 WL 6471761, at *1–2 (6th Cir. Nov. 2, 2016) (denying leave to file a successive petition challenging career offender enhancement based on *Johnson* where defendant voluntarily waived his right to raise collateral challenges).

Petitioner argues that the Court should not enforce the waiver provision contained in her plea agreement because the provision is "ambiguous," "confusing," "unfair," and "arbitrary" [Doc. 247 pp. 8, 9]. Specifically, she suggests that her entry into the agreement could not have been "knowing and voluntary" because "[n]othing in [Paragraph] 13(b) expressly addressed (either affirmatively or negatively) the reservation of [Petitioner's] right to collaterally attack an outside-the-Guidelines sentence" or "mention[ed] its effect on any subsequently recognized rules that might . . . render [Petitioner's sentence] outside the Guidelines" [*Id.* at 8]. The Court disagrees. In fact, the absence of specific statements regarding out-of-Guideline sentences is irrelevant in light of the fact that Paragraph 13(b) waives the right to bring "any motions or pleadings pursuant to 28 U.S.C. § 2255" expect for specifically listed exceptions and Paragraph 15 expressly provides that the same plea agreement "constitutes the full and complete agreements and understanding between the parties concerning [Petitioner's] guilty plea . . . and [that] there are no other agreements, promises, undertakings, or understandings between [Petitioner] and the United States" [Doc. 35 ¶¶ 13(b), 15]. Together, these provisions provide ample notice of the consequences inherent in Petitioner's decision to agree to the terms of Paragraph 13(b) To the extent that Petitioner suggests that the waiver provision in unenforceable because she received ineffective assistance of counsel [Doc. 237 p. (suggesting, without elaboration," that counsel was ineffective" because counsel failed to "file various motions and raise appropriate arguments"); Doc. 247 p. 8 ("It would be asking a lot of the average person to decipher the full meaning of Paragraph 13 . . . if there is ineffective assistance of counsel.")], she has not offered any factual support for that claim.

8

"The Federal Rules of Criminal Procedure give the parties ample room to tailor plea agreements to different needs—whether they are the right to appeal, the right to benefit from future changes in the law or other concerns that the defendant . . . may have." *United States v. Bradley*, 400 F.3d 459, 466 (6th Cir. 2005). For purposes of the instant case, Petitioner "knowingly and voluntarily" waived her right to collaterally challenge her sentence with the exception of cases that involve claims of ineffective assistance or prosecutorial misconduct [Doc. 35 ¶ 13(b)]. The fact that "developments in the law [have] expand[ed] [Petitioner's forfeited] right [of collateral review] . . . does not suddenly make [his] plea involuntary or unknowing or otherwise undo its binding nature." *United States v. McGlivery*, 403 F.3d 361, 363 (6th Cir. 2005). In light of the binding nature of Petitioner's wavier, the instant § 2255 motion will be dismissed. *Accord United States v. Avery*, No. 3:16-cv-2, 2016 WL 7467967, at *4–6 (S.D. Ohio Dec. 28, 2016) (denying *Johnson*-based challenge based on pre-*Johnson* waiver); *United States v. Strauss*, No. 16-cv-11397, 2016 WL 68733398, at *2–3 (E.D. Mich. Nov. 2, 2016) (same); *United States v. Muller*, No. 16-cv-20009, 2016 WL 6892268, at *2–3 (E.D. Mich. Nov. 2, 2016) (same).[2]

### 2. Merits of *Johnson*-Based Guideline Challenge

---

[2] While this Court recognizes that courts within this district have repeatedly stated that it is "far from clear" that waiver of the right to collaterally challenge a sentence can be enforced to bar challenges based on the *Johnson* decision, *Mefford v. United States*, No. 3:15-cv-575, 2016 WL 1737094, at *1, n. 1 (E.D. Tenn. May 2, 2016); *Cox v. United States*, No. 3:15-cv-362, 2016 WL 552350, at *1, n. 1 (E.D. Tenn. Feb. 10, 2016); *Nance v. United States*, 3:15-cv-387, 2016 WL 527193, at *1, n. 1 (E.D. Tenn. Feb. 9, 2016), each of those cases alleged improper categorization under the ACCA. Unlike mistaken enhancement under the ACCA, improper career offender or base offense level enhancement does not result in a sentence "in excess of the maximum authorized by law." *See, e.g.*, *United States v. Thompson*, No. 3:06-cr-56, 2008 WL 6506506, at *14 (W.D. Ky. Nov. 7, 2008) (explaining that knowing and voluntary waivers are enforceable so longs as they do not result in a miscarriage of justice and that a miscarriage of justice arises where the sentence imposed exceeds the statutory maximum permissible).

Even if the waiver contained in her plea agreement did not bar Petitioner's challenge, it would fail because the Guidelines are not subject to void for vagueness analysis. *Beckles*, 137 S. Ct. 894. As such, the *Johnson* decision does not justify the collateral relief that Petitioner requests.

## V. CONCLUSION

For the reasons discussed above, the United States' motion to deny and dismiss [Doc. 254] will be **GRANTED** and Petitioner's supplemented § 2255 motion [Docs. 237, 240, 248] will be **DENIED** and **DISMISSED WITH PREJUDICE**. The Court will **CERTIFY** any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

**SO ORDERED** this 19th day of April, 2017.

*/s/ Harry S. Mattice, Jr.*
HARRY S. MATTICE, JR.
UNITED STATES DISTRICT JUDGE